**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **BENITO ARROYO-RODRÍGUEZ,** | |
| **Petitioner,** | |
| **v.** | **CIVIL NO. 26-1399 (PAD)** |
| **VICTOR MALDONADO-VÁZQUEZ; ET AL.,** | |
| **Respondents.** | |

**MEMORANDUM AND ORDER**

This is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 2015 conviction.  Pursuant to the court's screening authority under 28 U.S.C. § 1915(e)(2)(B) and Rule 4 of the Rules Governing Section 2254 Cases, it "plainly appears from the petition and [its] exhibits that the petitioner is not entitled to relief."  Thus, the Petition must be dismissed and the petitioner's remaining motions denied as moot.  No certificate of appealability will be issued.

**I.      BACKGROUND**

Petitioner was charged with two counts of lewd acts under Article 133(a) of the Puerto Rico Penal Code.  He was offered an 8-year plea deal to resolve both counts.  See, Docket No. 1, p. 12. However, his attorney allegedly rejected the deal and requested and obtained the severance of the counts into two separate trials.  Id., p. 12.  On September 22, 2015, petitioner was convicted on one of the counts and sentenced to 26 years of imprisonment.  Id., pp. 4 & 12.  On May 13, 2016, he was convicted in the second case and sentenced to 25 years and six months, to run consecutive to the previously imposed sentence.  Id.  He appealed the conviction and sentence to the Puerto Rico Court of Appeals but, on June 22, 2016, his appeal was dismissed for failure to prosecute, allegedly due to his attorney's negligence.  Id., p. 5.

Arroyo-Rodríguez v. Maldonado-Vázquez; et al.
Civil No. 26-1399 (PAD)
Memorandum and Order
Page 2

On May 30, 2019, almost three years after his conviction became final, petitioner filed a motion for post-judgment relief under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, requesting that the conviction be vacated due to ineffective assistance of counsel on appeal. See, Pueblo v. Arroyo-Rodríguez, 208 D.P.R. 394, 395 (2021)(so noting). On June 3, 2019, the trial court denied the motion. See, Docket No. 1, p. 6. Petitioner then filed a motion for reconsideration, demanding an evidentiary hearing, but the motion was denied on July 15, 2019. See, Arroyo Rodríguez, 208 D.P.R. at 396. On August 13, 2019, petitioner sought a writ of certiorari from the Puerto Rico Court of Appeals, which granted the writ but affirmed the trial court's denial of the Rule 192.1 motion. Id. So, on September 30, 2019, petitioner resorted to the Puerto Rico Supreme Court. Id. On December 6, 2019, the Court issued a writ of certiorari and accepted the case. Id. at 397. On December 23, 2021, however, the Court affirmed the Court of Appeals' denial of petitioner's Rule 192.1 motion. Id. at 394.

More than four years later, on June 23, 2026, petitioner filed the instant Petition. See, Docket No. 1. Shortly thereafter, on July 1, 2026, the court entered the following Order:

> A state prisoner's habeas corpus petition is untimely if filed outside of a one-year statute of limitations. See, 28 U.S.C. § 2244(d)(1). Here, petitioner does not allege any "impediment to filing an application created by State Action in violation of the Constitution of the United States of America." 28 U.S.C. § 2244(d)(1)(B). So, the one-year limitations period began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A). That is June 22, 2016, when petitioner's appeal was dismissed. See, Docket No. 1, p. 5. And, although the time to file a habeas corpus petition is tolled by the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), petitioner did not file his post-judgment petition in state court until May 30, 2019 - almost three years after his judgment became final. Moreover, the Puerto Rico Supreme Court affirmed the denial of petitioner's motion for post-judgment relief on December 23, 2021. See, Pueblo v. Arroyo-Rodriguez, 208 D.P.R. 394 (2021). And the instant petition was filed on June 23, 2026 - four and a half years later. In sum, this case appears to be clearly time-barred. Accordingly, by July 22, 2026, petitioner shall SHOW CAUSE as to

<u>Arroyo-Rodríguez</u> v. <u>Maldonado-Vázquez; et al.</u>
Civil No. 26-1399 (PAD)
Memorandum and Order
Page 3

why this petition should not be dismissed due to untimeliness.

Docket No. 6.  On July 21, 2026, petitioner filed a "Motion to Show Cause" (Docket No. 7).

## II.    **<u>DISCUSSION</u>**

As noted in the court's previous Order (Docket No. 6), a state prisoner's habeas corpus petition is untimely if filed outside of the applicable one-year statute of limitations.  <u>See</u>, 28 U.S.C. § 2244(d)(1).  That limitations period started running here on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  <u>Id</u>., § 2244(d)(1)(A).[1]  That is, June 22, 2016, when petitioner's appeal was dismissed. <u>See</u>, Docket No. 1, p. 5.  Accordingly, the time to file a Section 2254 petition expired on June 22, 2017.  Although the time to file a habeas corpus petition is tolled by the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), petitioner did not file his post-

---

[1] Section 2244(d)(1) provides that the statute of limitations begins to run on the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id</u>.  Subsection (B) is inapposite insofar as there has been no allegation, in the Petition (Docket No. 1) or in the Motion to Show Cause (Docket No. 7) that petitioner was prevented from filing his petition by an impediment created by state action in violation of the Constitution or the laws of the United States.  Similarly, subsection (C) is inapplicable because the petition does not involve a newly recognized constitutional right made retroactive by the Supreme Court. Finally, subsection (D) is unavailing because through due diligence, petitioner could have known about the ineffectiveness of his counsel as soon as his appeal was dismissed for failure to prosecute.  He does not argue otherwise.  Thus, the accrual date is determined by subsection (A).

Arroyo-Rodríguez v. Maldonado-Vázquez; et al.
Civil No. 26-1399 (PAD)
Memorandum and Order
Page 4

judgment petition in state court until May 30, 2019 —almost three years after his judgment became final.  Moreover, the Puerto Rico Supreme Court affirmed the denial of petitioner's motion for post-judgment relief on December 23, 2021.  See, Arroyo-Rodriguez, 208 D.P.R. at 394.  And the instant petition was filed on June 23, 2026 —four and a half years later.  In consequence, the Petition is clearly time-barred unless the petitioner is able to demonstrate the applicability of some sort of tolling.

Now, statutes of limitations in the habeas context are affirmative defenses and thus "non-jurisdictional."  See, Turner v. United States, 699 F.3d 578, 587, n.9 (1st Cir.2012).  Hence, courts are "under no *obligation* to raise the time bar *sua sponte*."  Day v. McDonough, 547 U.S. 198, 205, (2006)(emphasis in original).  However, they are *permitted* to do so.  Id. at 209.  But, as a "general rule," courts should "give habeas petitioners advance notice and an opportunity to respond to a statute of limitations defense before dismissing a case *sua sponte*."  Celikoski v. United States, 21 F. App'x 19, 22 (1st Cir. 2001); see also, Day, 547 U.S. at 210 ("before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").  Here, the court gave petitioner that opportunity.  See, Docket No. 6.

In his "Motion to Show Cause," petitioner first commendably acknowledges the lateness of his petition.  See, Docket No. 1.  He then proffers two excuses.  First, he asserts that the COVID-19 pandemic and the earthquakes on the southern side of Puerto Rico "almost paralyzed services" at penal institutions and caused "unexpected transfers" to other institutions which, he avers, caused him to get "disoriented" about his case.  Id. p. 2.  Second, he notes that he is not an attorney and simply did not know about the availability of a Section 2254 petition until a fellow inmate told him about it during the month of April 2026.  Id., pp. 2-3.  For purposes of this Petition, the court will liberally interpret these excuses to be arguments in favor of equitable tolling.

Arroyo-Rodríguez v. Maldonado-Vázquez; et al.
Civil No. 26-1399 (PAD)
Memorandum and Order
Page 5

It is well-settled that the one-year statute of limitations in Section 2244(d) is subject to equitable tolling in appropriate cases. See, Holland v. Florida, 560 U.S. 631, 645 (2010). For it to apply, the petitioner must show "that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 659 (internal citations omitted). Unfortunately, petitioner's "Motion to Show Cause" falls short on these counts. The fact that petitioner is not a lawyer and did not know about Section 2254 is not grounds for equitable tolling. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 14-16 (1st Cir. 2001)(denying request to apply equitable tolling for a *pro se* petitioner who claimed to be "ignorant of the law"); Díaz-Castro v. Matta, 568 F.Supp.3d 144, 150 (D.P.R. 2021)(refusing to apply equitable tolling even though petitioner was "an indigent person sentenced to life in prison with no economic means and no access to an attorney").

As to COVID-19, while courts have recognized the exceptional nature of the pandemic for some purposes, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis." Cruz-Rivera v. United States, 2023 WL 6294203, *5 (D.P.R. Sept. 27, 2023)(quoting Easler v. United States, 2023 WL 4868278, *2 (D. Me., Sept. 15, 2023)). The petitioner must establish that he was "pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." Id. Here, however, petitioner fails to explain why he did not file his petition before the pandemic, between June 23, 2016, when his appeal was dismissed, and May 30, 2019, when he filed his Rule 192.1 motion.[2] As well, COVID does not explain why petitioner did not file or take any steps to file his Petition after the Puerto Rico Supreme Court affirmed the denial of his Rule 192.1 motion on December 21, 2021. Over

---

[2] The same logic applies to the earthquakes.

Arroyo-Rodríguez v. Maldonado-Vázquez; et al.
Civil No. 26-1399 (PAD)
Memorandum and Order
Page 6

four years elapsed before he filed the Petition here.  Therefore, equitable tolling does not excuse the late filing.

### III.    CONCLUSION

For the reasons stated, the Petition for Writ of Habeas Corpus (Docket No. 1) is DISMISSED.  Judgment shall be entered accordingly.  The motions at Docket Nos. 2 and 4 are denied as moot.  No "substantial showing of the denial of a constitutional right" has been shown.  In consequence, the court will not issue a Certificate of Appealability.  The petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit under Rule 22 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of July 2026.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge